UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ISMAEL OBIANG OBAMA NFUMU, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-25-1574-J |
| ) | |
| WARDEN DR. SCARLET GRANT, et al., ) | |
| ) | |
| Respondents. ) | |

**ORDER**

Petitioner, a noncitizen from Equatorial Guinea, filed a pro se Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 challenging his detention with the United States Immigration and Customs Enforcement (ICE). [Doc. No. 1]. The matter was referred for initial proceedings to United States Magistrate Judge Suzanne Mitchell consistent with 28 U.S.C. § 636(b)(1)(B), (C). Judge Mitchell has issued a Report and Recommendation recommending that the Court grant Petitioner's Petition and order him released from ICE detention. (Rep. & Rec.) [Doc. No. 8]. Respondents filed an Objection (Obj.) [Doc. No. 9], triggering de novo review. For the reasons discussed below, the Report and Recommendation is ADOPTED and Respondents are ordered to RELEASE Petitioner.

**I.    Background**

Petitioner came to the United States in November 2024. In May 2025, an Immigration Judge (IJ) denied his request for asylum and ordered his removal; however, the IJ also granted withholding of removal to Equatorial Guinea under the Convention Against Torture. The removal order became final on June 17, 2025. [Doc. No. 7, Ex. 1].

Since that time, Italy, Norway, and Gabon have denied requests for Petitioner's placement in their countries and neither Canada nor Ghana have responded.  The request to Canada was made in July 2025, and the request to Ghana was made in September 2025.  *See id.*

Petitioner filed the instant habeas petition in December 2025 arguing that his continued detention is unlawful.

## II.  Relevant Authority

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court held that a noncitizen ordered removed and detained under § 1231(a)(6) cannot be indefinitely detained without violating the Fifth Amendment of the United States Constitution.  *See id.* at 701.  *Zadvydas* held that a six-month period of post-removal detention is presumptively reasonable, but "[a]fter this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

## III.  Judge Mitchell's Findings

On review, Judge Mitchell found that Petitioner had met his initial burden of showing that his detention had surpassed six months *and* there was no significant likelihood of removal in the reasonably foreseeable future.  *See* Rep. & Rec. at 8-11.  She then concluded that Respondents failed to meet their burden because while they submitted a declaration from ICE Deportation Officer Nation that officials are "currently coordinating efforts for a future third-country removal flight to Ghana," [Doc. No. 7, Ex. 1 at 3], they had not provided any evidence suggesting that Ghana would actually accept Petitioner.  *See* Rep. & Rec. at 11-14.[1]

---

[1] Judge Mitchell also stated: "And nothing is clear about Petitioner's ties to Ghana, if any.  The Government's decision to seek third-country removal without any evidence in the record that a petitioner has a legally meaningful connection to the relevant third countries . . . also weighs in

2

IV. <u>Analysis</u>

Respondents object, arguing that "'a mere delay in receiving travel documents does not trigger the inference that an alien will not be removed in the reasonably foreseeable future because the reasonableness of detentions pending deportation cannot be divorced from the reality of bureaucratic delays that almost always attend such removals.'" Obj. at 2 (citation omitted). However, this is not a circumstance where a country has agreed to accept Petitioner but bureaucratic systems have caused a delay in the receipt of travel documents. Indeed, Respondents point to *no* country that has agreed to accept Petitioner, and over five months have now passed since the last country, Ghana, was contacted. As such, the Court finds that "[t]he Government has not provided the Court with a clear timeline or plan for removal and therefore failed to prove that removal is reasonably foreseeable." *Salazar-Martinez v. Lyons*, No. 2:25-CV-00961-KG-KBM, 2025 WL 3204807, at *2 (D.N.M. Nov. 17, 2025) (finding no evidence that removal was reasonably foreseeable where several countries had denied requests and the other countries contacted had not responded in five months); *see also Horbenko v. Castro*, No. 2:25-CV-0764 WJ/DLM, 2026 WL 381867, at *5 (D.N.M. Feb. 11, 2026) ("pending requests [to third countries] without concrete progress are insufficient to justify continued detention"); *Zimran v. Noem*, No. 5:25-CV-03143-JFW-KES, 2026 WL 161805, at *15 (C.D. Cal. Jan. 14, 2026) (finding no reasonably foreseeable removal where the last country contacted for travel documents had not responded in five months), *adopted*, 2026 WL 167179 (C.D. Cal. Jan. 21, 2026); *Hassoun v. Sessions*, No. 18-CV-586-FPG, 2019 WL 78984, at *5 (W.D.N.Y. Jan. 2, 2019) (finding respondents did not carry their burden of showing reasonably foreseeable removal where "travel

---

Petitioner's favor." Rep. & Rec. at 10. Respondents object to this conclusion, *see* Obj. at 3-4, but the Court does not find that portion of the Report and Recommendation relevant to its analysis and declines to address the objection.

document requests have been pending" "about five months" and respondents "have not elaborated on the status or likelihood of success of those requests").

V.      **Conclusion**

For the reasons stated above, the Court, on de novo review, finds that Respondents have failed to carry their burden of showing a significant likelihood of Petitioner's removal in the reasonably foreseeable future.  As such, the Report and Recommendation [Doc. No. 8] is ADOPTED and Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 [Doc. No. 1] is GRANTED.  Respondents are ORDERED to immediately RELEASE Petitioner, subject to the terms of an appropriate Order of Supervision,[2] and SHALL certify compliance by filing a status report affirming that Petitioner has been released from custody within five business days of the Court's order.

A separate judgment will issue.

IT IS SO ORDERED this 6th day of March, 2026.



BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE

---

[2] 8 C.F.R. § 241.5 governs the issuance and conditions of orders of supervision.